IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ROSA MARIA BLEND | § | CASE NO: 06-35312 |
|    Debtor(s) | § | |
| | § | CHAPTER 13 |

### MEMORANDUM OPINION

For the reasons set forth below, Candlelight Oaks Civic Club, Inc.'s proof of claim (Claim #1) is allowed only in the amount of $720.00.

### Background

On October 2, 2006, the Debtor filed a chapter 13 petition. Candlelight Oaks Civic Club, Inc. ("Candlelight"), filed a proof of claim in the amount of $1,522.50 on October 5, 2006. The Debtor filed an objection to Candlelight's proof of claim, alleging that the various charges should not be allowed because they were not yet due, not actual costs, not authorized by the Court, or not enforceable against the Debtor.

On January 29, 2007, the Court held a hearing on the claim objection. Candlelight voluntarily agreed to withdraw three $5.00 charges for accessing the Court's electronic records and to reduce a charge on August 30, 2006 for $20.00 to $8.12 based upon the evidence. The Court disallowed the penalty and interest charges in the total amount of $212.10 since there was no evidence that the imposition of penalty and interest charges was authorized. Despite finding that Candlelight's attorney's fees were charged pursuant to a fixed fee schedule, the Court determined that, as a matter of fact, the attorney's fees were reasonable. However, both the Court and the Debtor questioned whether Candlelight was authorized to impose attorney's fees and charges against the Debtor. Because the Debtor also questioned whether a fixed fee agreement is allowed under the law, the Court invited the Debtor to submit a brief on these issues no later than February 28, 2007. Candlelight's response was to be filed by March 31, 2007.

1

Neither party filed a brief.

## Analysis

To be entitled to attorney's fees and costs as part of its proof of claim, Candlelight must demonstrate that it is entitled to recover such charges against the Debtor. Generally, attorney's fees must be authorized by the parties' contract or by statute and be reasonable in amount. Section 38.001 of the Texas Civil Practice and Remedies Code provides that a person may recover reasonable attorney's fees in addition to the amount of a valid claim and costs in an action based upon a written or oral contract. TEX. CIV. PRAC. & REM. §38.001. However, in order to be awarded attorney's fees under § 38.001, the party must first prevail in a breach of contract action and recover damages. *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 240 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Candlelight has not filed suit against the Debtor. Accordingly, § 38.001 is inapplicable.

Candlelight also relies on § 5.006 of the Texas Property Code in support of its argument that it is entitled to attorney's fees and related charges for legal services. Section 5.006 provides that a prevailing party in an action based on a breach of a restrictive covenant pertaining to real property shall be entitled to reasonable attorney's fees in addition to the party's costs and claim. TEX. PROP. CODE § 5.006. Only a party who successfully prosecutes an action based upon a claim for breach of a restrictive is entitled to recover attorney's fees. *Pebble Beach Property Owners' Ass'n v. Sherer*, 2 S.W.3d 283, 291-292 (Tex. App.—San Antonio 1999, pet. denied). Candlelight has not filed an action based upon breach of a restrictive covenant. Although Candlelight filed a proof of claim in this bankruptcy case, the filing of such a claim does not amount to prosecuting an action to enforce a restrictive covenant.

Even absent a statutory basis to impose attorney's fees and related charges, such charges may be allowed if authorized by the parties' contract. In support of its claim, Candlelight cites

the Court to paragraph 18 of the Deed Restrictions for Candlelight Oaks, Section Two. This section subjects each lot to an annual maintenance charge and provides that Candlelight reserves a vendor's lien on each lot to secure the payment of the annual maintenance charge. Nothing in the Deed Restrictions authorizes Candlelight to charge attorney's fees and related charges incurred in protecting its rights against the owner.

Consequently, the Court finds that Candlelight is not authorized to recover the attorney's fees and charges included on its proof of claim. The attorney's fees and related charges in the amount of $741.50$^1$ are disallowed. In addition, the evidence produced by Candlelight supports a claim for only $1,461.50. Consequently the proof of claim is further reduced by $61.00—the difference between the amount supported by the evidence and the proof of claim amount.

Nonetheless, the Court finds that Candlelight's attorney's fees are reasonable. The fact that the agreement between Candlelight and its counsel establishes a fixed fee schedule for legal work performed for Candlelight does not in and of itself mandate a finding that the fees are unreasonable. *See*, *e.g.*, General Order 2004-5, "Order Regarding Chapter 13 Debtors' Counsel's Fees," U.S. Bankr.Ct. Rules S.D. Tex. (as entered Apr. 14, 2004). The Court finds that the fixed fee charged for each service by counsel for Candlelight was itself reasonable.

## Conclusion

Based on the foregoing, Candlelight's proof of claim is allowed only in the amount of $720.00.

Signed at Houston, Texas, on April 12, 2007.

MARVIN ISGUR
United States Bankruptcy Judge

---

[1] This amount includes the three $5.00 charges for accessing the Court's electronic records that Candlelight voluntarily withdrew and the full $20.00 charge on August 30, 2006 that Candlelight voluntarily reduced to $8.12.

3